1  **WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

L.B.,                                      No. CV-17-03316-PHX-JJT
           Plaintiff,                      **ORDER**
v.
Kyrene Elementary District No. 28,
           Defendant.

At issue is Plaintiff L.B.'s Motion to Supplement the Administrative Record (Doc. 18, Mot.), to which Defendant Kyrene Elementary School District filed a Response in opposition (Doc. 19, Resp.), and Plaintiff filed a Reply (Doc. 21, Reply).

**I.   BACKGROUND**

On September 25, 2017, Plaintiff L.B. filed a Complaint against Defendant Kyrene Elementary District No. 28, on behalf of herself and her minor child, J.B., to appeal an administrative decision of the Arizona Office of Administrative Hearings ("OAH") under the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 *et. seq.* ("IDEA"). Plaintiff alleges that J.B. is a student with behavioral disabilities and the District failed to provide him with a Free Appropriate Public Education ("FAPE") under IDEA. On February 6, 2015, Plaintiff filed an Amended Due Process Complaint with the Arizona Department of Education. The Administrative Law Judge ("ALJ") held a hearing on Plaintiff's Due Process Complaint between November 4, 2015 and January 11, 2016, and issued a Decision on August 22, 2017, denying Plaintiff relief.

Plaintiff subsequently filed this action on September 25, 2017, alleging that the ALJ erred in deciding Plaintiff's Amended Due Process Complaint should be dismissed in its entirety and by not finding that the District denied J.B. a FAPE. (Doc. 1, Compl.) Additionally, Plaintiff alleges the ALJ erred by not rendering a decision within forty-five days from the end of the resolution period, which in Arizona is construed as the date the parties file the final brief to the ALJ. (Compl. ¶¶ 71-72.) Plaintiff requests that the Court reverse and vacate the ALJ's August 22, 2017, Decision based on the administrative record and additional evidence, enter judgment in favor of Plaintiff, award Plaintiff reimbursement for tuition and education related expenses, award compensatory education to J.B., and award Plaintiff her expenses, attorneys' fees and costs in enforcing J.B.'s special education rights. (Compl. at 25-26.) Plaintiff now moves to supplement the Administrative Record before this Court.

## II. LEGAL STANDARD

In her Motion to Supplement, Plaintiff asks the Court for leave to provide six sets of additional evidence beyond the Administrative Record for the Court's consideration in determining whether the District provided J.B. with a FAPE. (Mot. at 2.)

Judicial review in IDEA cases differs from that in other agency actions, in which courts are generally confined to the administrative record. *See* 20 U.S.C. § 1415(i)(2). For the Court to determine whether to supplement the administrative record with additional evidence in an IDEA case, the Court evaluates whether the proposed additional evidence is relevant, non-cumulative and otherwise admissible. *E.M. ex rel. E.M. v. Pajaro Valley Unified Sch. Dist. Office of Admin. Hearings*, 652 F.3d 999, 1004-1005 (9th Cir. 2011); *see also* 20 U.S.C. § 1415(i)(2)(C)(ii). In reviewing an ALJ's decision under IDEA, additional evidence may be excluded in this Court's discretion where the proposed evidence repeats or embellishes evidence from the administrative hearings or changes the character of the proceeding from one of review to a trial *de novo*. *Ojai Unified Sch. Dist. v. Jackson*, 4 F.3d 1467, 1473 (9th Cir. 1993). "A practicable approach . . . is that an administrative hearing witness is rebuttably presumed to be foreclosed from testifying"

for the purpose of the appeal in the district court. *Id.* (quoting *Town of Burlington v. Dep't of Educ.*, 736 F.2d 773, 791 (1st Cir. 1984)). "In ruling on motions for witnesses to testify, a court should weigh heavily the important concerns of not allowing a party to undercut the statutory role of administrative expertise, the unfairness involved in one party's reserving its best evidence for trial, the reason the witness did not testify at the administrative hearing, and the conservation of judicial resources." *Id.* (quoting *Town of Burlington*, 736 F.2d at 790-91).

In addition to showing that proposed additional evidence is relevant, non-cumulative and otherwise admissible, the party proffering the additional evidence must demonstrate good cause for the absence of the evidence from the administrative record by, for example, showing the evidence was not available at the time of the ALJ's decision. *Id.*

> The reasons for supplementation will vary: they may include gaps in the administrative transcript owing to mechanical failure, unavailability of a witness, an improper exclusion of evidence by the administrative agency, and evidence concerning relevant events occurring subsequent to the administrative hearing. The starting point for determining what additional evidence should be received, however, is the record of the administrative proceeding.

*Id.* (quoting *Town of Burlington*, 736 F.2d at 790-91).

With regard to Arizona administrative hearings such as that the ALJ held, while the Federal Rules of Evidence do not apply, all relevant evidence is admissible at the hearings. *See* A.R.S. § 41-1092.07(D). Evidence is relevant if it tends to make a fact more or less probable than it was without the evidence and the fact is of consequence in resolving the issue. *See* Ariz. R. Evid. 401; Fed. R. Evid. 401. The Court applies the "harmless error" test to the ALJ's evidentiary rulings because, under IDEA, Plaintiff cannot bring an action in this Court for judicial review of the administrative proceedings conducted unless Plaintiff is "aggrieved" by the results of those proceedings. *See* 20 U.S.C. § 1415(i)(2)(A). In this context, harm is the loss of an educational opportunity for the child. *See id.*; *R.B. ex rel. F.B. v. Napa Valley Unified Sch. Dist.*, 469 F.3d 932, 942 (9th Cir. 2007).

## III. ANALYSIS

### A. District Regulation JK-RB and Board Documentation

#### 1. District Regulation JK-RB

Plaintiff claims that District Regulation JK-RB should be admitted as "additional evidence" because it was part of the District's policies while J.B. was attending school. The Regulation sets the standards by which the District formulates and applies plans and procedures for behavior management and the discipline of students with special needs. (Mot. Ex. A.) The District argues providing a FAPE does not mandate compliance with internal district policies, and therefore Regulation JK-RB is not relevant in this appeal. (Resp. at 5-7.)

A FAPE includes special education and related services, including specially designed instruction and support services, to allow a child with a disability to benefit from their education program. *Endrew F. v. Douglas Cnty. Sch. Dist. RE-1*, 137 S. Ct. 988, 994 (2017). To meet their substantive obligations under IDEA, schools must offer Individualized Education Programs ("IEPs") that are reasonably calculated to enable children to make progress. *Id.* at 999.

Plaintiff claims the District denied J.B. a FAPE in part because the school did not follow its own policies regarding the use of restraint on a student or its follow-up procedures. Regulation JK-RB provides that "a student who required crisis management . . . more than three (3) times in a semester must have a functional behavioral assessment ('FBA') and, if appropriate, a behavior intervention plan ('BIP')." (Mot. Ex. A.) Plaintiff alleges that the District prepared an FBA for J.B. in April 2011 and an IEP in February 2012 that included a BIP. (Compl. ¶ 7.) During the 2012-13 school year, J.B. was removed from the classroom 18 times, of which 11 included restraint. (Compl. ¶ 17.) The District did not document the incidents or update J.B.'s FBA, though it did prepare a new IEP for J.B. in January 2013 which also included a new BIP. (Mot. at 4.) During the 2013-14 school year, J.B. was restrained at least 16 times, and on September 13, 2013, the District held a meeting to address Plaintiff's concerns about a change in J.B.'s

behavior and the District's increased use of restraint. (Compl. ¶¶ 23, 27.) At that meeting, the District concluded that J.B. was making progress on his goals and therefore a change to his January 2013 IEP was not necessary. (Compl. ¶¶ 28-32.) However, Plaintiff claims the District relied on outdated information in making its determinations. (Compl. ¶ 32.)

Regulation JK-RB included procedures for how the District was supposed to create plans for the behavior management and discipline of special needs students. The District argues that, as evidence, Regulation JK-RB is cumulative because the ALJ gave Plaintiff the opportunity to cross-examine District employees about the policy during the administrative hearing. (Resp. at 7-8.) Importantly, the ALJ did not permit Plaintiff to refer to Regulation JK-RB in cross-examination because Plaintiff's counsel did not timely disclose it. IDEA and the regulations implementing it prohibit the use of evidence at an administrative hearing that was not disclosed at least five business days before the hearing, 20 U.S.C. § 1415(f)(2)(A); 34 C.F.R. § 300.512(a)(3)—a requirement Plaintiff concededly failed to meet with regard to Regulation JK-RB. Plaintiff's apparent contention that she could not have disclosed Regulation JK-RB due to the parties' stipulation to freeze the record upon a rescheduling of the hearing has no merit. (*See* Reply at 6.)

Citing *Ojai*, 4 F.3d at 1473, Plaintiff argues that this Court may allow additional evidence if there was "an improper exclusion of evidence by the administrative agency." But Plaintiff fails to demonstrate that the ALJ's exclusion of Regulation of JK-RB was improper, justifying its admission now. *See id.* Plaintiff may not circumvent the disclosure rule by seeking admission of evidence in this Court that was properly excluded by the ALJ for Plaintiff's failure to disclose and that Plaintiff did not seek to admit into evidence at the administrative hearing. *E.g.*, *Rodriguez v. Indep. Sch. Dist. of Boise City No. 1*, 2013 WL 5798685, at *5 (D. Idaho Oct. 28, 2013) (noting that permitting "a party to introduce new evidence on appeal that it simply failed to introduce below would render the administrative hearing a nullity and convert this proceeding into a trial de novo"). As a result, Plaintiff may not supplement the record with Regulation JK-RB (Mot. Ex. A).

### 2. District Board Meeting Documentation as to Regulation JK-RB

Plaintiff also seeks to supplement the record with documentation from a July 9, 2013 Board Meeting concerning revisions the District made to Regulation JK-RB to comply with a new law relating to the confinement of students at schools. (Mot. Ex. B.) A substantially similar analysis applies to this request. Even if the Court found this documentation to be relevant to the Court's assessment of the provision of a FAPE to J.B., Plaintiff neither disclosed nor sought to admit this evidence below, even though it was available. Plaintiff thus may not supplement the record with this documentation (Mot. Ex. B).

### B. District Restraint Data

Next, Plaintiff seeks to supplement the record with data reflecting the District's use of restraint and seclusion during the 2011-12 and 2013-14 school years. (Mot. Exs. C, D.) Plaintiff presents this information in the form of data the District submitted to the Office of Civil Rights and an email from the District's attorney, Erin Walz, responding to a public records request. (Mot. at 7.)

Plaintiff claims the data are relevant to demonstrate the high frequency with which the District uses restraint. She argues the District data from these school years will provide a comparison to the use of restraint on J.B. (Mot. at 7-8.) In response, the District argues the documents are not relevant to this appeal because they are overly broad by including data from all of the District's schools and they have no bearing on Plaintiff's claims in this case. (Resp. at 9-10.)

The Court agrees with the District that the data are not relevant to Plaintiff's appeal. The District's use of restraint on other children with different conditions and disabilities does not bear on whether the District provided J.B. with a FAPE in compliance with IDEA. Moreover, at least the 2011-12 documents were available at the time of the administrative hearing. *See Ojai*, 4 F.3d at 1473. Therefore, the Court will not permit Plaintiff to supplement the record with the proffered data concerning the use of restraint on other children by the District (Mot. Exs. C, D).

### C. Declarations of Plaintiff and Sonia Gonzales

Plaintiff also asks the Court to allow her to supplement the record with her own Declaration as well as one from Sonia Gonzales to provide the amount Plaintiff paid to a private academy, AZ Aspire, for J.B.'s tuition for the 2015-16 school year. (Mot. at 9-10; Exs. E, F.) First, both Plaintiff and Sonia Gonzales testified at the hearing, and any testimony in their Declarations that they could have given at the hearing is cumulative. *See Ojai*, 4 F.3d at 1473.

If Plaintiff succeeds on the merits of her claim, the information regarding Plaintiff's AZ Aspire expenses may be relevant for a determination of damages. However, in assessing Plaintiff's Motion to Supplement the Administrative Record, the Court need only admit noncumulative evidence that is relevant to determining whether the District provided J.B. with a FAPE during the 2012-13 and 2013-14 school years. J.B.'s alleged success and growth during the 2015-16 school year and Plaintiff's related expenditures for that time period are not relevant to the subject of the appeal in this case.

Therefore, the Court will deny Plaintiff's request with respect to these portions of Plaintiff's and Sophia Gonzales' Declarations (Mot. Exs. E, F). If and when the Court determines that damages are appropriate in this matter, Plaintiff may request to proffer relevant evidence with regard to a valuation of damages.

### D. J.B.'s Educational Records

Finally, Plaintiff seeks to supplement the Administrative Record with J.B.'s educational records, which are included as attachments to Plaintiff and Sophia Gonzales' Declarations (Mot. Exs. E, F) and were not available until after the administrative hearing. (Mot. at 8-9.) The District agrees that these records are admissible as "additional evidence." (Resp. at 2, 12.)

Therefore, the Court will authorize Plaintiff to supplement the Administrative Record with the proffered educational records for J.B. (Attachments to Declarations at Mot. Exs. E, F.)

IT IS THEREFORE ORDERED granting in part and denying in part Plaintiff's Motion to Supplement the Administrative Record (Doc. 18). The Plaintiff shall file on the docket the Attachments to Exhibits E and F of Plaintiff's Motion (Attachments to Docs. 18-5 and 18-6) by August 3, 2018. Plaintiff's Motion is denied in all other respects.

IT IS FURTHER ORDERED that the briefing deadlines set forth in the Court's November 20, 2017, Order (Doc. 15 at 2) shall begin to run from the date of this Order.

Dated this 19th day of July, 2018.

Honorable John J. Tuchi
United States District Judge